UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRATANTES, S.A. de C.V., a Mexican company, and CAB ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MONARCAS CANDIES, a California corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-8282 DSF (BFMx)<br><br>**PRELIMINARY INJUNCTION** |

1

The Court previously entered a Temporary Restraining Order on October 17, 2023, and issued an Order to Show Cause why a Preliminary Injunction should not issue in this case. Defendant has not appeared in the case or filed a written opposition to the issuance of a Preliminary Injunction. Defendant also did not appear at the Order to Show Cause hearing held on November 13, 2023. At the hearing, Plaintiffs' counsel represented to the Court that he had been contacted by counsel retained by Defendant, which is evidence that Defendant received actual notice of the complaint, Temporary Restraining Order, and Order to Show Cause.

Therefore, the Court reaffirms its findings made on October 17, 2023 (Dkt. 22) that Plaintiffs have shown a strong likelihood of success on the merits, a likelihood of irreparable harm should an injunction not issue, and that the balance of the equities and public interest favor an injunction. Consistent with those findings,

**IT IS HEREBY ORDERED** Defendant and its owners, principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall, upon service of this Order in the manner described below, be immediately restrained from:

1. Purchasing, selling, distributing, marketing, manufacturing or otherwise using any of the Electrolit Marks (as defined below) or any marks confusingly similar thereto in connection with the manufacture, sale, offer for sale, distribution, advertisement, or any other use of any product, including Unauthorized Electrolit. The Electrolit Marks are:

| *Mark* | *U.S. Reg. No.* | *Reg. Date* |
|---|---|---|
| Electrolit | 4222726 | Oct. 9, 2012 |
| "ELECTROLIT" | 4833885 | Oct. 13, 2015 |

2

|  | 4717350 | Apr. 7, 2015 |
|---|---|---|
|  | 4717232 | Apr. 7, 2015 |

2. Using any logo, trade name or trademark confusingly similar to any of the Electrolit Marks that may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the Restrained Parties or others are sponsored by, authorized by or in any way associated with Plaintiffs;

3. Manufacturing, importing, duplicating, advertising, selling or distributing any infringing and/or counterfeit Electrolit product;

4. Infringing any of the Electrolit Marks;

5. Otherwise unfairly competing with Plaintiffs in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of Electrolit®;

6. Falsely representing any or all of the defendants as being connected with plaintiffs or sponsored by or associated with plaintiffs or engaging in any act that is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of the Restrained Parties are associated with Plaintiffs;

7. Using any reproduction, counterfeit, copy, or colorable imitation of any of the Electrolit Marks in connection with the publicity, promotion, sale, or advertising of Unauthorized Electrolit;

8. Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Electrolit® and from offering such goods in commerce;

9. Diluting any of the Electrolit Marks;

10. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, business records (including but not limited to internet-based email communications) or other documents relating to Defendant's assets and operations or relating in any way to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, return, shipment, purchase, sale, offer for sale, or distribution of any merchandise bearing the Electrolit Marks; and

11. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (10) above; and

12. Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this order; and

**IT IS FURTHER ORDERED** that Defendant shall file with this Court and serve on Plaintiffs within 30 days after the entry of this Order a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with this Order; and

**IT IS FURTHER ORDERED**, because of the clear evidence of Defendant's infringement and the nature of the goods at issue, the Court finds it appropriate to issue this Order without requiring Plaintiffs to provide security at this time; and

**IT IS FURTHER ORDERED** that the Restrained Parties shall produce to Plaintiffs, within three calendar days of service of this Order, a summary document showing the dates, quantities, names and addresses of all suppliers and customers from

whom they have purchased or to whom they have sold any products bearing the Electrolit Marks; and

**IT IS FURTHER ORDERED** that immediately upon receipt of this Order the Restrained Parties shall sequester all products bearing any of the Electrolit Marks in their inventory, possession, custody, or control for examination, testing and inspection by Plaintiffs; and

**IT IS FURTHER ORDERED** that service of this Order shall be made within three business days of the undersigned date on the Defendant by delivering copies (1) to Defendant's business addresses via a courier service such as FedEx, (2) via an e-mail address reasonably likely to provide actual notice to Defendant if such an address is known to Plaintiffs, and (3) via courier service and e-mail to Defendant's counsel.

**IT IS FURTHER ORDERED** that Plaintiffs may immediately serve discovery requests on Defendant and subpoenas on any non-party believed to have information relevant to this action; and

**IT IS FURTHER ORDERED** that (a) the Defendant to this action and any non-party served with a subpoena in this action shall respond to requests to produce documents within five calendar days after service of such requests by production of responsive documents; and (b) the Defendant to this action shall respond to interrogatories within five calendar days after service of such interrogatories; and (c) the Plaintiffs may take the deposition of any Defendant or a non-party witness, upon notice in writing to every other party of at least five calendar days.

**IT IS SO ORDERED** this 13th day of November, 2023.

Honorable Dale S. Fischer
United States District Judge