# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRATANTES, S.A. de C.V., et al.,<br>    Plaintiffs,<br><br>v.<br><br>MONARCAS CANDIES,<br>    Defendant. | 2:23-cv-8282-DSF-BFMx<br><br>Order GRANTING Motion for Default Judgment (Dkt. 35) |

    Plaintiffs Sueros & Bebidas Rehidratantes, S.A. de C.V. and CAB Enterprises move for entry of default judgment. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. BACKGROUND

    Plaintiffs allege that Defendant Monarcas Candies has been selling Plaintiffs' Electrolit product that has been imported and is not labeled or approved for sale in the United States. Plaintiffs allege that U.S. Electrolit is different in several ways from Electrolit being sold in other parts of the world. Compl. ¶¶ 47-67. Plaintiffs sought and received a temporary restraining order and, later, a preliminary injunction against the sale of Electrolit by Defendant. The injunctions also required Defendant to cooperate with Plaintiffs in various ways to expedite the litigation process. In their default judgment motion, Plaintiffs contend that Defendant continues to sell unauthorized, non-U.S. Electrolit and has not complied with other disclosure requirements

of the preliminary injunction. Despite being aware of the lawsuit and being represented by counsel, Defendant failed to appear before default was entered. Defendant attempted to file an answer after the entry of default, but has failed to respond to the motion for default judgment.[1]

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, unless the plaintiff's claim is for a sum certain, the plaintiff must apply to the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2).

Rule 55(b)(2) permits the Court to enter default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well-pleaded allegations in the complaint regarding liability generally are deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court considers several factors (the Eitel factors) "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

---

[1] The answer had not been formally stricken when the default judgment motion was filed. This raised a concern that Defendant believed that the Court would not enter default judgment with an answer on file. In light of this, the Court formally struck the answer on February 5, 2024. Nonetheless, Defendant has not filed any response to the motion as of the date of this order, and the Court interprets this non-response to be intentional.

Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. ANALYSIS

#### A. Eitel Factors

The Eitel factors all favor entry of default judgment. The prejudice to the Plaintiffs if Defendant is allowed to continue to sell non-U.S. Electrolit is apparent. The Court has already entered a temporary restraining order and a preliminary injunction, so there is little question that the complaint is sufficient and there is a strong case on the merits. The sum of money at stake is relatively large and there would be some possibility for a dispute regarding material facts, but Defendant is well aware of the case, aware of the entry of two injunctions, and has failed to respond to the allegations or participate in the lawsuit. There is no indication that the neglect was excusable. While Defendant did attempt to file an answer after default was already entered, it has failed to respond in any way to the present default judgment motion. This is despite Defendant's counsel being served both by mail and by the Court's CM/ECF system. Finally, there is no reason to believe that this case particularly invokes the policy favoring a decision on the merits any more than a typical case where default judgment is sought.

#### B. Remedies

Plaintiffs seek permanent injunctive relief in accordance with the preliminary injunctive relief already approved by the Court. The Court finds these restrictions appropriate.

Plaintiffs also seek substantial damages based on an estimation of Defendant's profits. The Lanham Act allows a plaintiff to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). "The nature of the proof required to support [an award] depends on the circumstances of the case and is subject to the principles of equity." Skydive Arizona, Inc. v. Quattrocchi, 673 F.3d 1105, 1112 (9th Cir. 2012). "Upon proving

3

causation, the plaintiff's evidentiary burden relaxes considerably. To support a jury's actual damages award, there need only be substantial evidence to permit the jury to draw *reasonable inferences* and make a *fair and reasonable assessment*." Id. (emphasis in original). While an award of trademark damages is based on a defendant's profits, it is the defendant's burden to show its costs that should be deducted from revenue numbers demonstrated by the plaintiff. 15 U.S.C. § 1117(a).

Plaintiffs seek damages computed based on Defendant's profits. Plaintiffs argue that photos taken from Defendant's social media accounts show that Defendant possessed – and presumably at least tried to sell – at least 1,000 pallets of unauthorized Electrolit. Specifically, photos appear to show numbered pallets of Electrolit that go up to at least 1,000. While the photos show only a limited number of pallets, there are both low and high numbers represented, which suggests that the pallet numbering is sequential rather than sporadic.

Plaintiff CAB Enterprises' CEO has testified that each pallet of Electrolit contains around 1,020 bottles, giving a total of 1,020,000 bottles in 1,000 pallets. Ochoa Decl. ¶ 7. Each bottle of unauthorized Electrolit retails for around $3, giving a total retail revenue from the sale of 1,000 pallets of $3,060,000.[2] Id.

The Court finds that Plaintiffs have sufficiently proven that Defendants have likely sold around $3,060,000 in unauthorized Electrolit. Plaintiffs have some evidence that Defendant is continuing to sell non-U.S. Electrolit even after the entry of the Court's injunctions. Defendant has also failed to cooperate in the discovery that would allow a more precise and accurate amount of damages to be assessed. Defendant's own photos, posted publicly, are the best evidence available to estimate Defendant's profits. Given that Defendant has failed to appear, it has provided no evidence of any offsetting costs. Therefore, an award of $3,060,000 in damages is appropriate.

---

[2] The appropriateness of using a retail price will be discussed below.

4

> Plaintiffs also seek treble damages under 15 U.S.C. § 1117(a).
>
> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.

15 U.S.C. § 1117(a).

The Court declines to award treble damages in this case because an award of $3,060,000 in profits is sufficient to compensate Plaintiffs. The Court has based that number on the "relaxed" evidentiary burden for actual damages in trademark cases, as well as the inherent difficulties in proving damages in default judgment cases.

While there is substantial evidence to support a fair and reasonable assessment that Defendant had and at least intended to sell 1,000 pallets of unauthorized Electrolit, there is no direct evidence of the entire 1,000 pallets or direct evidence that Defendant has actually sold 1,000 pallets worth of bottles or will likely sell them anytime soon. On the whole, the best evidence available suggests that Defendant possessed 1,000 pallets of unauthorized Electrolit and it is reasonable to assume that it sold that product. However, the Court finds that this is likely to be, if anything, a high-end estimate of Defendant's sales, not a low-end one.

Further, the requested profits are based on a retail price per bottle. Defendant is alleged to be a wholesaler, not a retailer, and presumably charges less per bottle than the retail price. The Court is willing to accept use of the retail price as a rough estimate of revenue given its discretion to "enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." But

5

providing treble damages on top of the already substantial requested sum of $3,060,000 in actual damages raises a serious risk that treble damages will result in a penalty to Defendant rather than compensation to Plaintiffs.

The Court does find that this is an "exceptional case" where attorney's fees and costs should be awarded. "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id.

Plaintiffs have documented Defendant's fairly brazen sale of non-U.S. Electrolit, which appears to have continued even after the entry of a preliminary injunction.[3] Despite Plaintiffs' documentation of Defendant's infringement and despite receiving clear notice of Plaintiffs' intent to litigate the matter, Defendant has failed to cooperate and shows no interest in cooperating in the future. Given Defendant's actions since the filing of this case, it is reasonable to assume that the infringement is, and has been, willful. In this context, an award of fees and full costs is appropriate. However, Plaintiffs have failed to fully document their incurred fees and costs. A separate motion to fix the amount of fees and costs is to be filed after entry of judgment in accordance with Federal Rule of Civil Procedure 54(d) and this Court's Standing Order re Requirements for Motion for Attorneys' Fees.

---

[3] Plaintiffs' motion suggests that they seek a contempt finding, but they do not explicitly develop that argument. The Court need not make an explicit finding of contempt and instead has considered the evidence of Defendant's post-injunction actions in its determination of treble damages and attorney's fees.

## IV. CONCLUSION

The motion for entry of default judgment is GRANTED. The Court will enter a permanent injunction and awards $3,060,000 in damages. The Court also finds that Plaintiffs are entitled to attorney's fees and full costs to be fixed by a separate post-judgment motion.

IT IS SO ORDERED.

Date: February 26, 2024

_____
Dale S. Fischer
United States District Judge