# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRATANTES, S.A. de C.V., et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>MONARCAS CANDIES,<br>    Defendant. | 2:23-cv-8282-DSF-BFMx<br><br>Order DENYING Motion to Vacate Default Judgment (Dkt. 82) |

    Defendant Monarcas Candies moves to vacate the default judgment entered on February 26, 2024, claiming excusable neglect. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    Motions for relief from a default judgment are governed by Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) allows a final judgment to be vacated on a showing of, among other things, excusable neglect. Fed. R. Civ. P. 60(b). When evaluating whether neglect was excusable in the context of relief from default judgment, a court considers "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011).

    Defendant makes essentially no showing on any of the three factors. As for prejudice, Defendant argues only that it will

immediately file an answer if judgment is vacated, but this has no obvious connection to Plaintiffs' prejudice. As Plaintiffs note, Defendant has been evasive and unresponsive during the entire litigation despite having actual notice of the proceedings. There is evidence that Defendant has relocated its business, continues to sell the product at issue, and has not complied with the Court's injunctions. In this context, there is very good reason to believe that Plaintiffs would suffer prejudice if the judgment were vacated because it would potentially encourage and enable Defendant in its conduct. Defendant also fails to identify any potentially meritorious defenses. Finally, the Court finds that Defendant's culpable conduct led to the default. Defendant had actual notice of the proceedings and failed to participate. Defendant did attempt to file an answer two weeks after default was entered. After that answer was stricken and despite actual notice, Defendant did nothing while default judgment was requested, judgment was entered, and fees were sought.

The motion to vacate judgment is DENIED.

IT IS SO ORDERED.

Date: July 15, 2024

Dale S. Fischer
United States District Judge