GARY S. SAUNDERS (SBN 144385)
SAUNDERS & ASSOCIATES, APC
610 NEWPORT CENTER DR. #250
NEWPORT BEACH, CA 92660-2517
Telephone: (949) 590-8585
Email:    litigation@saundersapc.com
              gary@saundersapc.com

Former Attorney for Defendant,
MONARCAS CANDIES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SUEROS & BEBIDAS REHIDRATANTES, S.A. de C.V., a Mexican company, and CAB ENTERPRISES, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>MONARCAS CANDIES, a California corporation, and DOES 1-10,<br><br>        Defendants. | Case No. 2:23-cv-08282 DSF (BFMx)<br><br>Assigned For All Purposes To Hon. Dales. Fischer; Courtroom 7D<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Date:      January 13, 2025<br>Time:      1:30 p.m.<br>Courtroom:  7D<br><br>[ECF No. 111] |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that on Monday, January 13, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7D of the above-entitled court, located at 350 W. 1st Street, Los Angeles, CA 90012, Saunders & Associates APC ("Movant") will, and hereby does, move this Court for an order permitting

withdrawal as counsel of record for Defendant Monarcas Candies, Inc., pursuant to Local Rule 83-2.3.2, California Rules of Professional Conduct, and applicable federal law.

## I. INTRODUCTION

This motion is filed to formally request withdrawal of Saunders & Associates APC as counsel of record for Defendant Monarcas Candies, Inc. ("Monarcas"). The firm has completed its engagement for the original litigation phase of this case, and irreconcilable differences between counsel and client now render continued representation impractical and unnecessary. Furthermore, client consent to withdraw has been expressly provided, and replacement counsel, Romaine Lokhandwala Law Group, LLP (hereinafter "Mr. Romaine" or "new counsel"), is fully prepared to step into representation.

This case is administratively closed, with current proceedings limited to post-judgment enforcement. Saunders & Associates APC was retained by Monarcas Candies, Inc. during the active litigation phase of this case. However, the case is now administratively closed, and the current proceedings involve post-judgment issues that fall outside the original scope of the firm's engagement. Continued representation by Saunders & Associates is no longer necessary, as these matters differ substantially from the reasons for which the firm was initially hired.

For these reasons, Saunders & Associates respectfully requests that the Court grant this motion.

## II. RELIEF REQUESTED

Movant seeks an order permitting Saunders & Associates APC to withdraw as counsel of record for Defendant Monarcas Candies, Inc.

## III. GROUNDS FOR RELIEF

### A. Client Consent

On August 29, 2024, Defendant Manuel Vasquez, as principal for Monarcas Candies, Inc., filed a signed Form G-01 (Request for Approval of Substitution of

Attorney or Withdrawal of Counsel), consenting to Saunders & Associates APC's withdrawal and substitution of William A. Romaine as counsel of record (attached as **Exhibit A** to the Declaration of Gary S. Saunders). Despite this, the Court did not approve the substitution, leaving both firms as counsel of record.

### B.     Procedural Error in Substitution

On November 5, 2024, Mr. Romaine filed Form G-123 (Notice of Appearance or Withdrawal of Counsel) to formally assume representation of Monarcas (attached as **Exhibit B** to the Declaration of Gary S. Saunders). The Court rejected this filing on procedural grounds, as indicated in the Notice of Deficiency dated November 6, 2024 (attached as **Exhibit C** to the Declaration of Gary S. Saunders). This procedural issue created unnecessary duplication of representation, which this motion seeks to resolve.

### C.     Procedural Compliance

Mr. Saunders has taken all reasonable steps to notify Monarcas Candies, Inc., and Manuel Vasquez of his intent to withdraw. Communication channels have been maintained through email and mail, and all relevant information has been communicated to the client.

### D.     Irreconcilable Differences

Irreconcilable differences between counsel and client make continued representation unfeasible. These differences prevent effective communication and collaboration, rendering competent legal representation impossible under the circumstances.

### E.     In-Person Examination and Representation Issues

An in-person examination is scheduled in this matter on December 9, 2024, and substitute counsel, Mr. Romaine, is already prepared to attend on behalf of Monarcas Candies, Inc. Saunders & Associates APC does not believe its attendance is necessary, as Mr. Romaine is capable of fully representing the client. However, because Saunders & Associates remains on record, attendance may be required to fulfill its obligations as counsel of record.

This duplicative representation creates unnecessary confusion and inefficiency. While the motion is scheduled to be heard on January 13, 2025, Saunders & Associates APC recognizes its ongoing obligations as counsel of record until the motion is granted. Accordingly, Saunders & Associates is prepared to attend the in-person examination on December 9, 2024, if required.

Granting this motion at the earliest opportunity will ensure clarity in representation, prevent duplicative efforts in future proceedings, and align the record with the intended transition to new counsel. This will protect the client's interests while minimizing inefficiencies.

### F.  Scope of Representation

Saunders & Associates APC was initially hired to represent Monarcas Candies, Inc. during the active litigation phase of this matter. Since the case is now administratively closed and proceedings are limited to post-judgment enforcement, the nature of the representation has fundamentally shifted. These current matters fall outside the scope of the firm's original engagement. The client's interests are better served by new counsel who is already prepared to address these post-judgment issues.

## IV.  LEGAL AUTHORITY

### A.  Local Rule 83-2.3.2

Under Local Rule 83-2.3.2, attorneys may not withdraw without leave of court unless another attorney is simultaneously substituted. Saunders & Associates APC has secured client consent to withdraw (attached as **Exhibit A** to the Declaration of Gary S. Saunders) and identified substitute counsel, Mr. Romaine. New counsel is prepared to act as counsel for Monarcas Candies.

### B.  California Rules of Professional Conduct, Rule 1.16

Under Rule 1.16, a lawyer must or may withdraw from representation when specific conditions are met. In this case, withdrawal is both permissible and appropriate based on several provisions within the rule.

/ / /

1. **Mandatory Withdrawal**

Under Rule 1.16(a)(3), a lawyer must withdraw when discharged. Monarcas Candies, through Manuel Vasquez, consented to Saunders & Associates APC's withdrawal by signing the Form G-01, satisfying this requirement.

2. **Permissive Withdrawal**

Alternatively, withdrawal is permissible under Rule 1.16(b) for a few reasons applicable to this case:

    a. **No Material Adverse Effect:** Under Rule 1.16(b)(1), withdrawal can be accomplished without material adverse effect on the client's interests. Monarcas Candies has secured substitute counsel, Mr. Romaine, who is ready to assume representation, ensuring continuity and protecting the client's interests.

    b. **Irreconcilable Differences:** Rule 1.16(b)(7) allows withdrawal for "other good cause." Irreconcilable differences between Saunders & Associates APC and Monarcas Candies have impaired effective communication and collaboration, making continued representation untenable.

    c. **Procedural Efficiency:** Continued dual representation serves no practical purpose and risks duplicative efforts and unnecessary costs, aligning this case with Rule 1.16(b)(1).

3. **Obligations Upon Withdrawal**

Rule 1.16(d) requires a lawyer to protect the client's interests upon termination. Saunders & Associates APC has fulfilled this duty by providing notice, facilitating the transition to Mr. Romaine, and ensuring substitute counsel has access to all relevant materials.

Withdrawal is justified under Rule 1.16(a) based on the client's express consent and under Rule 1.16(b) due to irreconcilable differences and the absence of any material adverse effect on the client. Saunders & Associates APC has met its ethical

obligations by providing notice, facilitating the transition to Mr. Romaine, and ensuring continuity of representation, aligning with both the letter and spirit of Rule 1.16.

### C. Duplicative Counsel is Inefficient and Unnecessary

Federal courts recognize that having multiple attorneys on record for the same representation creates unnecessary duplication. Here, substitute counsel has already been identified, and withdrawal would streamline representation while ensuring continuity.

### D. Case Law

Federal courts consistently grant motions to withdraw as counsel when continued representation becomes untenable due to irreconcilable differences, when client consent is provided, or when substitute counsel is available to ensure continuity of representation. These principles aim to balance the attorney's ethical obligations, the client's rights, and judicial efficiency. The following cases illustrate circumstances in which withdrawal was deemed appropriate and support the motion in this case.

In *Leatt Corp. v. Innovative Safety Tech., LLC*, the court held that irreconcilable differences between counsel and client, combined with client consent, justified withdrawal even in the absence of substitute counsel. The court emphasized that no prejudice resulted because the client was given sufficient notice to secure new representation. *Leatt Corp. v. Innovative Safety Tech.*, LLC, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010). Here, the availability of Mr. Romaine as substitute counsel further ensures that Monarcas Candies will face no disruption or prejudice if the motion is granted.

Similarly, in *Darby v. City of Torrance*, the court found withdrawal appropriate when the attorney-client relationship had irreparably broken down, rendering effective representation impossible. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The irreconcilable differences between Saunders & Associates APC and Monarcas Candies align closely with this precedent, demonstrating that continued representation is neither practical nor ethically feasible.

Courts also recognize that the presence of substitute counsel mitigates any potential prejudice to the client or judicial process. For instance, in *United States v. Parker*, the Second Circuit held that withdrawal was appropriate when substitute counsel was available, and no delay or prejudice would result. *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006). Likewise, in this case, Mr. Romaine's readiness to assume representation ensures a seamless transition that will not disrupt proceedings or compromise the client's interests.

Finally, in *Canandaigua Wine Co. v. Moldauer*, the court granted withdrawal where substitute counsel had been identified, ensuring the client's interests remained adequately represented. *Canandaigua Wine Co. v. Moldauer*, No. 1:02-CV-06599, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009). The circumstances here mirror those in Canandaigua, as Mr. Romaine's involvement addresses any concerns about continuity of representation and supports granting this motion.

These cases demonstrate that when irreconcilable differences exist, client consent is provided, and substitute counsel is available, courts routinely grant motions to withdraw, ensuring both the attorney's ethical obligations and the client's right to effective representation are upheld.

### G. No Prejudice to the Client or Proceedings

Withdrawal of Saunders & Associates APC will not prejudice Defendant Monarcas Candies, Inc. or disrupt the proceedings. New counsel is prepared to proceed as counsel, ensuring continuity of representation. The presence of identified counsel further demonstrates that withdrawal will not leave Defendant unrepresented, thereby satisfying procedural and ethical requirements.

### H. Ethical Considerations Favor Withdrawal

Federal and California courts have consistently emphasized that attorneys must withdraw when irreconcilable differences or breakdowns in communication render effective advocacy impossible. Rule 1.16 of the California Rules of Professional Conduct requires attorneys to withdraw when continued representation would violate

ethical duties or when it is no longer possible to maintain effective communication with the client.

In this case, irreconcilable differences have arisen between Saunders & Associates APC and Monarcas Candies, Inc., preventing effective representation and creating an ethical obligation to withdraw. Furthermore, dual representation by Saunders & Associates APC and Mr. Romaine serves no purpose, risks ethical complications, and unnecessarily complicates the record. Withdrawal will align with ethical obligations while preserving the client's ability to transition seamlessly to substitute counsel.

## V. CONCLUSION

Saunders & Associates APC was retained to represent Monarcas Candies, Inc. during the active litigation phase of this case. However, the case is now administratively closed, and the current proceedings involve post-judgment issues that differ substantially from the firm's original engagement. These matters are better suited to the representation of new counsel, who is prepared to assume full responsibility for the case.

Continued involvement by Saunders & Associates APC is no longer required and might create inefficiencies or redundancies. The presence of Mr. Romaine ensures that Monarcas Candies will remain adequately represented, mitigating any potential prejudice.

For these reasons, Saunders & Associates APC respectfully requests that the Court grant this motion to withdraw as counsel of record.

Respectfully submitted,

Dated:   December 6, 2024          SAUNDERS & ASSOCIATES

By: */s/ Gary Saunders*
Gary Saunders
Former Attorney for Defendant,
MONARCAS CANDIES, INC